# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No.: 1:26-CV-00249

| | | |
|---|---|---|
| **PLAYA BOWLS, LLC and** | ) | |
| **PLAYA BOWLS IP LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **COMPLAINT** |
| | ) | |
| **PALM BERRIES LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiffs Playa Bowls, LLC and Playa Bowls IP LLC (collectively, "Playa Bowls"), by and through their attorneys, bring this Complaint against Defendant Palm Berries LLC ("Defendant" or "Palm Berries") and allege as follows:

## FACTUAL BACKGROUND

1.  Playa Bowls' claims arise out of Defendant's infringement of Playa Bowls' common law and federally registered trademarks and its trade dress, which it has used since at least 2016 in connection with its restaurants and menu items, including açaí bowls, pitaya bowls, smoothies, juices, cold brew, and other products.

2.  Despite being made aware of Playa Bowls' intellectual property rights and the strong goodwill associated with those rights, Defendant is using confusingly similar trademarks and trade dress in connection with its own restaurants that provide the same types of products, namely, a variety of açaí and other fruit-based bowls and smoothies.

3.     Defendant has used trademarks and trade dress that are confusingly similar to Playa Bowls' trademarks and trade dress on its restaurant signage, restaurant interior design and decor, menus, website, social media pages, and other advertising and promotional materials, in order to benefit from Playa Bowls' established reputation and confuse consumers into believing that they are buying Playa Bowls' original, high-quality products. Such use is harmful to both Playa Bowls and the consuming public.

4.     Defendant's use of its trademarks and trade dress also is likely to cause consumer confusion, mistake, and/or deception as to the source, origin, or association of its products. This is particularly true given the strength of Playa Bowls' trademarks and trade dress, Defendant's use of substantially similar trademarks and trade dress, and the fact that both parties operate restaurants that serve the same products in some of the same geographical locations. In light of the strong goodwill that Playa Bowls' trademarks and trade dress have obtained throughout North Carolina and nationwide, consumers are likely to believe that Defendant is, among other things, an affiliate of Plaintiff due to its use of confusingly similar trademarks and trade dress in connection with the same restaurant services and same products, when, in fact, that is not the case.

5.     For these reasons, and as explained further below, Playa Bowls seeks permanent injunctive relief to stop Defendant's infringing activity, as well as monetary damages to compensate Playa Bowls for the harm suffered as a result of Defendant's use of confusingly similar trademarks and trade dress in connection with the promotion and

offering of the same restaurant services and products in violation of Playa Bowls' prior rights in its trademarks and trade dress.

## THE PARTIES

6.      Plaintiff Playa Bowls, LLC is a New Jersey limited liability company with its principal place of business in New Jersey. Playa Bowls, LLC is a licensee of the Playa Bowls trademarks and trade dress identified in this Complaint.

7.      Plaintiff Playa Bowls IP LLC is a New Jersey limited liability company with its principal place of business in New Jersey. Playa Bowls IP LLC is the owner of the Playa Bowls trademarks and trade dress identified in this Complaint.

8.      Defendant Palm Berries LLC is a North Carolina limited liability company with its principal place of business located at 112 Highway 16 Business South, Suite A, Denver, North Carolina 28037.

## JURISDICTION AND VENUE

9.      This is an action for (a) trademark infringement, trade dress infringement, unfair competition, and false designation of origin under 15 U.S.C. § 1125(a)(1)(A); (b) trademark infringement under 15 U.S.C. § 1114; and (c) unfair competition under N.C.G.S. § 75-1.1, *et al.*

10.     The Court has original subject matter jurisdiction over the claims that relate to trademark infringement, trade dress infringement, unfair competition, and false designation of origin pursuant to 15 U.S.C. §§ 1116 and 1121(a) and also pursuant to 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States.

3

11.    The Court has supplemental jurisdiction over the North Carolina unfair competition claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the claim is related to the federal claims and forms part of the same case or controversy and derives from a common nucleus of facts.

12.    The Court has personal jurisdiction over Defendant because Defendant is a citizen of the state of North Carolina and it has regular, systematic contacts with the state of North Carolina and this District.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, among other reasons, Defendant is doing business in this District and is committing acts of trademark and trade dress infringement in this District.

FACTUAL BACKGROUND

A.    **Playa Bowls' Trademarks and Trade Dress**

14.    Playa Bowls was founded in 2014 and has become the nation's leading superfruit bowl restaurant chain and one of the fastest growing brands in the quick service restaurant industry.

15.    Playa Bowls offers a variety of açaí bowls, pitaya bowls, smoothies, juices, cold brew, and other products.

16.    Playa Bowls offers its products to customers across the country in a vibrant, beach-themed atmosphere designed to emulate a tropical escape and the surfer lifestyle.

17.    Playa Bowls is the brainchild of Robert Giuliani and Abby Taylor, two Jersey Shore natives and avid surfers who often embarked on surf trips together to ride the waves

4

and enjoy the beaches of Latin America, sustaining themselves on the açaí bowls and pitaya bowls that locals of the various surf towns they visited would sell on the beach to travelling surfers. From these trips, Robert and Abby developed a shared a dream of bringing the açaí and pitaya bowls they enjoyed on their surf trips abroad to a wider audience in the United States.

18.     On May 23, 2014, Robert and Abby turned their shared dream into action, opening the first Playa Bowls location in New Jersey—a single cart serving açaí bowls, pitaya bowls, and smoothies.

19.     Less than a year later, on May 16, 2015, Playa Bowls opened its first brick-and-mortar location on the beach of Manasquan, New Jersey. This first iteration of the Playa Bowls concept served (and continues to serve) a wide variety of fruit bowls, including açaí and pitaya, and smoothies, to which customers can add toppings and other ingredients.

20.     That concept grew from a blender, a fridge, and a patio table to approximately 370 locations spanning thirty states and U.S. Territories, which also now sell juices and cold brews alongside the brand's staple bowls and smoothies.

21.     Playa Bowls opened its first North Carolina location in Wilmington in July 2019. The brand currently has eight North Carolina locations in Wilmington, Wake Forest, Chapel Hill, Mooresville, Durham, Raleigh, and Apex.

22.     Playa Bowls owns a family of trademarks and service marks that are distinctive and valuable indicators of origin, including, but not limited to the following marks (collectively, the "PLAYA BOWLS Marks"):

| U.S. Trademark Registration or Application Serial Number | Word Mark and/or Design | Goods and/or Services |
|---|---|---|
| 5,511,222 | PLAYA BOWLS | Int'l Class 43: Restaurant and café services, namely coffee, fresh fruit, and juice bar services |
| 99/667,256 | PLAYA BOWLS | Int'l Class 43: Juice bar services; Providing food and drink; Restaurant services; Restaurant services featuring fruit-based meals and food snacks, fruit-based bowls, fruit-based drinks, vegetable-fruit juices, smoothies, and coffee-based drinks |
| 99/667,159 | PLAYA BOWLS | Int'l Class 32: Smoothies; Açai smoothies; Fruit drinks and fruit juices; Vegetable-fruit juices; Fruit juice, namely, cold pressed juice; Smoothie bowls; Acai-based smoothie bowls; Fruit bowls being prepared meals consisting primarily of fruit |
| 99/665,216 | PLAYA BOWLS | Int'l Class 30: Coffee-based drinks; Iced coffee |
| 99/667,184 | PLAYA BOWLS | Int'l Class 35: Restaurant franchising, namely, offering business management assistance in the establishment and/or operation of restaurants; Franchising, namely, consultation and assistance in business management, organization and promotion |

| U.S. Trademark Registration or Application Serial Number | Word Mark and/or Design | Goods and/or Services |
|---|---|---|
| 99/667,295 |  | Int'l Class 43: Juice bar services; Providing food and drink; Restaurant services; Restaurant services featuring fruit-based meals and food snacks, fruit-based bowls, fruit-based drinks, vegetable-fruit juices, smoothies, and coffee-based drinks |
| 99/667,433 |  | Int'l Class 35: Franchising, namely, consultation and assistance in business management, organization and promotion; Restaurant franchising, namely, offering business management assistance in the establishment and/or operation of restaurants |
| 99/667,473 |  | Int'l Class 43: Juice bar services; Providing food and drink; Restaurant services; Restaurant services featuring fruit-based meals and food snacks, fruit-based bowls, fruit-based drinks, vegetable-fruit juices, smoothies, and coffee-based drinks |
| 99/667,652 |  | Int'l Class 32: Smoothies; Açai smoothies; Fruit drinks and fruit juices; Vegetable-fruit juices; Fruit juice, namely, cold pressed juice; Smoothie bowls; Acai-based smoothie bowls; Fruit bowls being prepared meals consisting primarily of fruit |
| 99/667,634 |  | Int'l Class 30: Coffee-based drinks; Iced coffee |

| U.S. Trademark Registration or Application Serial Number | Word Mark and/or Design | Goods and/or Services |
|---|---|---|
| 99/667,487 |  | Int'l Class 35: Restaurant franchising, namely, offering business management assistance in the establishment and/or operation of restaurants; Franchising, namely, consultation and assistance in business management, organization and promotion |

23.     A copy of the Certificate of Registration for the PLAYA BOWLS word mark, U.S. Trademark Registration No. 5,511,222, is attached as <u>Exhibit A</u>.

24.     Playa Bowls has complied with all statutory requirements to keep the registration for the PLAYA BOWLS mark valid and subsisting.

25.     Since at least as early as 2016, Playa Bowls also has made extensive common law use of the PLAYA BOWLS EST. 2014 NJ'S ORIGINAL ACAI SHOP (and design) mark shown below, which includes a design featuring the top half of a pineapple, with the fronds of the pineapple being the center and main focus of the design, and which emphasizes vibrant, beach-themed atmosphere designed to emulate a tropical escape and the surfer lifestyle, which is implemented throughout Playa Bowls' branding:



26.     As referenced above, Playa Bowls' trade dress evokes the vibes of exotic surf towns and does so using design elements that create a vibrant, beach-themed atmosphere, which emulate a tropical escape and the surfer lifestyle. Whether a customer actually enters the restaurant from the beach or comes in from the cold winter of New Jersey, the sweltering heat of the Arizona desert, or the rolling hills of Kentucky, when they enter a Playa Bowls location they are mentally transported to a seaside surf shack where they can relax and enjoy an exotic and healthy meal or smoothie before they catch the next wave.

27.     Playa Bowls uses its distinctive and unique trade dress to create a vibrant-but-relaxed, surfer-vibe feeling within its restaurants. A customer entering a Playa Bowls location is greeted by pink and/or blue neon signs emblazoned with tropical phrases, such as "WELCOME TO PINEAPPLE LAND," as well as by brightly painted murals in blues, greens, and pinks. These murals feature ocean designs, mermaids, tropical plants (particularly, parlor palm fronds and monstera leaves), and other surf- and beach-themed images.

28.     Throughout the restaurant, the consumer will continue to encounter design elements which feature tropical, surf, and beach-themed décor motifs, such as light blue metal beach chairs, surfboard shaped tables, rattan light fixtures, and chalkboard menus handwritten in bright colors, as well as whitewashed and distressed wood used in various furniture items to mimic the appearance of driftwood and weathered beachside surf shacks.

9

29.    As representative and non-limiting examples of such trade dress, below are photos of Playa Bowls stores in Raleigh, Mooresville, Chapel Hill, and Durham North Carolina:

 



**Raleigh**

 



**Mooresville**

11



**Chapel Hill**                                   **Durham**

30.     As referenced above, Playa Bowls further creates the illusion that the consumer is in a beachside surf shack by using blackboard menus written in blue, pink, and green chalk within its stores. These bright colors emphasize the tropical and beach themes of the brand, while the handwritten chalkboard menus make the consumer feel as if they

12

are visiting a small beachside surf shack like those owned by local surfers in the beach towns that inspired the brand.

 

**Raleigh**                                    **Mooresville**

31.     As a result of Playa Bowls' substantial use and promotion of its trademarks and trade dress, both the marks and the trade dress have acquired great value of specific identifiers of Playa Bowls' products and services, and they identify and distinguish Playa Bowls' products and services from those of other providers. A consumer will immediately realize upon entering Playa Bowls' restaurants that they are in a Playa Bowls location based on the unique and distinctive design choices and overall surfer-vibe aesthetic.

32.     Playa Bowls' trade dress is not functional. None of the surfer-vibe aesthetic elements are essential to the function of Playa Bowls' products or services; rather, they

13

serve exclusively as source identifiers. Further, by virtue of Playa Bowls' longstanding and exclusive use of this trade dress over the past decade, the trade dress has acquired secondary meaning, associating the services and products with Playa Bowls.

33. Customers in North Carolina and elsewhere recognize Playa Bowls' marks and trade dress as distinctive designations for Playa Bowls' products, services, and promotional items.

34. Playa Bowls' trademarks and trade dress are assets that have enormous value to Playa Bowls as they are symbols of Playa Bowls, its quality products and services, and its goodwill.

35. Thanks to the overwhelmingly positive response from consumers to Playa Bowls' delicious and healthy food, as well as its unique and distinctive beachy, surf-themed atmosphere created by the Playa Bowls trademarks and trade dress, Playa Bowls' growth continues to accelerate rapidly. In 2025, the brand announced its first international development agreement, while also opening 85 new locations across the United States.

36. The industry has also taken notice of Playa Bowls' rapid growth and immense goodwill with its consumer base. In 2025, Playa Bowls earned several industry recognitions, including placements on the *Franchise Times* Top 400 and *Entrepreneur's* Franchise 500, where it ranked No. 1 in the açaí bowl category, and on the *Fast Casual* Movers & Shakers list. The brand was recognized in 2026 by *Franchise Business Review* as a Top 200 Franchise, Most Profitable Franchise, Top Food Franchise, and Top Franchise for Veterans.

14

**B.**      **Defendant's Willful Copying of Playa Bowls' Trademarks and Trade Dress**

37.      As with any success story, Playa Bowls' success has not gone unnoticed by others, with several competing superfruit bowl quick service restaurants entering the market.

38.      One such party is Defendant, Palm Berries LLC. Defendant is a company engaged in a franchise business that also sells açaí bowls and smoothies in the North Carolina region.

39.      Instead of competing with Playa Bowls for market share based on its own reputation and hard work, however, Defendant chose a shortcut to free-ride on the established goodwill of Playa Bowls, which it proudly admitted in its origin story shown on an earlier version of its website's About webpage, wherein it described its intention to replicate the New Jersey-based açaí bowl shop it enjoyed, i.e., Playa Bowls:

## Our Story

A Family Sat Down In A Store In New Jersey, Chowing Down On Some Acai Bowls.

After Finishing Our Bowls, We All Wished Something Like That Were In Our Hometown Of Denver, North Carolina. Eager To Find A Solution To This Conundrum, We Ordered All The Supplies And Materials Needed To Make Homemade Acai Bowls.

We Tried So Many Different Recipes And Ate These Acai Bowls As Anything From Breakfast To A Midnight Snack. Next Thing We Knew, Not Only Were All Of Us Addicted, But We Had Our Friends And Family Hooked As Well.

Eventually Word Spread In The Town, And Other People Started Asking If They Could Try These Bowls.

Then On A Summer Day In 2019, We Moved Our Homemade Operation To A Tiny Six-Foot By Six-Foot Food Trailer And Palm Berries Was Born!



A printout of the About webpage from Defendant's website captured by the WayBack Machine on April 4, 2025 is attached as Exhibit B.

40.     As such, Defendant knows the value of Playa Bowls' marks, its brand, and its customer experience, and admits its desire to capitalize on this value itself.

41.     Defendant offers the same products at its restaurants that Playa Bowls offers at its restaurants, namely, a variety of açaí and other fruit-based bowls and smoothies.

42.     Playa Bowls appreciates healthy competition and understands the desire to replicate its wild success; however, instead of creating its own brand identity and developing goodwill in its own brand, Defendant decided to attempt to siphon goodwill from Playa Bowls by imitating the beloved Playa Bowls brand.

43.     Without permission or authorization from Playa Bowls, Defendant is offering for sale and has sold goods and services with trademarks and trade dress that are confusingly similar to Playa Bowls' trademarks and trade dress.

44.     Defendant's name "Palm Berries" seeks to evoke the Playa Bowls' brand through use of the same initials as Playa Bowls, namely "PB."

45.     Defendant's logo further seeks to capitalize on the goodwill Playa Bowls has developed with consumers. As shown in the images below, Defendant's logo does not feature an image of a palm berry as may be implied by Defendant's name but, rather, features a pineapple plant that is beginning to fruit. This direct allusion to Playa Bowls' branding is confusingly similar to Playa Bowls' common law PLAYA BOWLS EST. 2014

16

NJ'S ORIGINAL ACAI SHOP (and design) mark shown above, which features an image

of a pineapple at its center.

| PALM BERRIES Logo |  |
|---|---|
| Image of a palm berry | |
| Image of a fruiting pineapple plant | |

46.    Despite Defendant's prior knowledge of the Playa Bowls brand, on August

3, 2022, Defendant applied for trademark protection in the Palm Berries logo, and on

September 12, 2023 obtained U.S. Trademark Registration No. 7,162,967 for "Restaurant

17

and catering services" in Int'l Class 43. Defendant is now using this mark to sell goods that compete directly with Playa Bowls.

47.     Defendant did not stop with their name and logo, however; Defendant also has replicated Playa Bowls' surfer/beach vibe within its restaurants, including the distressed and whitewashed wood, bright pink neon signs with cursive writing, and murals of beach scenes in vibrant blues, greens, and pinks.

48.     The below pictures demonstrate this:




18

 

49. Further, many of the seating areas at Defendants' restaurants have metal beach chairs in the same style or in an identical shade of blue to those used at Playa Bowls locations:

 

19

50.     Defendant's menus appear on blackboard menus with vibrant, handwritten descriptions, just like the menus at Playa Bowls:



51.     Like Playa Bowls, Defendant's locations also incorporate murals featuring a tropical plant motif. Defendant not only is copying the general theme of tropical plant murals, but is even using the exact same types of tropical plants, monsteras and parlor palms, as appear in Playa Bowls' mural:





21

52.     As can be seen above, Defendant has even replicated the point of service system, which is the checkout system, and checkout area, to make it look and feel like a Playa Bowls location.

53.     Each of these elements combine to create a beachy, surf-shack, beach-bum feeling that is confusingly similar to that created by the identical elements in Playa Bowls locations. In other words, Defendant has attempted to recreate the entire Playa Bowls customer experience within its infringing Palm Berries restaurants.

54.     Despite Defendant's awareness of Playa Bowls and later entry into the market, Defendant is creating a total image of a business and the associated products that are intended to create confusion, mistake, or deception as to the source of Defendant's product and are intended to make customers and potential customers believe that Defendant's business and the products offered are associated with Playa Bowls and/or its family of products when they are not.

55.     Defendant's conduct is likely to cause injury to Playa Bowls' reputation and goodwill, and to cause customer confusion and deception regarding the source, origin, and relationship of Defendant's products with Playa Bowls by improperly trading on Playa Bowls' trademarks and trade dress without authorization or consent.

56.     On or about May 14, 2025, Playa Bowls sent a letter to notify Defendant of its wrongful use of Playa Bowls' logo and trade dress in violation of the Lanham Act. In the letter, Playa Bowls demanded that Defendant cease and desist using Playa Bowls' logo and trade dress. A copy of Playa Bowls' letter is attached hereto as Exhibit C.

22

57.     Defendant has ignored Playa Bowls' demand that it cease and desist its infringing behavior, confirming its willful intent.

58.     Defendant's actions have caused irreparable harm to Playa Bowls' goodwill that will continue unless and until Defendant is enjoined.

59.     Additionally, Defendant's actions have caused Playa Bowls to suffer damages in an amount that will be demonstrated at trial, which continue to accrue.

## COUNT I
## TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125(a)(1)(A)

60.     Playa Bowls repeats and incorporates by reference the allegations in the preceding paragraphs as if set forth at length.

61.     As a result of Playa Bowls' widespread use and promotion of its trademarks, including the PLAYA BOWLS Marks listed above and the PLAYA BOWLS EST. 2014 NJ'S ORIGINAL ACAI SHOP (and design) mark, and its trade dress, Playa Bowls has acquired strong recognition and secondary meaning to customers and potential customers who associate the trademarks and trade dress with Playa Bowls.

62.     Defendant has infringed the Playa Bowls' trademarks and trade dress and created a false designation of origin by using in commerce trademarks and trade dress that are confusingly similar to Playa Bowls' trademarks and trade dress without authorization in connection with the creating of and advertising of restaurant locations and offering for sale and/or selling the same types of products, including fruit bowls, smoothies, and other

23

similar goods. Defendant's deliberate mimicry creates a total commercial image calculated to confuse consumers as to source, affiliation, or sponsorship of its services and products.

63.     Defendant's use in commerce of its infringing trademarks and trade dress in its physical stores is confusingly similar to Playa Bowls' trademarks and trade dress and is likely to cause confusion, to cause mistake, or to deceive consumers as to an affiliation, connection, or association of Defendant with Playa Bowls, as to the origin of Defendant and its products and services, or as to the sponsorship or approval of Defendant's services, information, or commercial activities by Playa Bowls, and thus constitutes infringement, false designation of origin, and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

64.     Defendant's conduct is willful, intentional, and in reckless disregard of Playa Bowls' rights.

65.     Defendant's actions have caused irreparable harm to Playa Bowls' goodwill that will continue unless and until Defendant is enjoined.

66.     Playa Bowls is entitled to recover from Defendant its profits, all damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

67.     Because Defendant's conduct is willful, Playa Bowls is also entitled to recover from Defendant treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

68. Playa Bowls repeats and incorporates by reference the allegations in the preceding paragraphs as if set forth at length.

69. Playa Bowls owns a valid and enforceable U.S. Trademark Registration No. 5,511,222, in Int'l Class 43, for the mark PLAYA BOWLS for "Restaurant and café services, namely coffee, fresh fruit, and juice bar services."

70. Defendant has used marks in commerce, including the name "Palm Berries" and the abbreviation "PB," that are confusingly similar and/or colorable imitations of Playa Bowls' registered PLAYA BOWLS trademark in connection with the creating of and advertising of restaurant locations and offering for sale and/or selling the same types of products, including fruit bowls, smoothies, and other similar goods. Defendant has done so without Playa Bowls' authorization.

71. Defendant's actions constitute willful and intentional infringement of Playa Bowls' registered PLAYA BOWLS trademark; Defendant took these actions with the intention of trading upon Playa Bowls' reputation and goodwill by creating confusion and mistake among customers and potential customers and to deceive the public into believing that Defendant's services and products are associated with, sponsored by or originated from Playa Bowls when they are not.

72. Additionally, Defendant's actions diminish the distinctiveness and reputation of Playa Bowls' registered PLAYA BOWLS trademark by trying to associate its services and products with Playa Bowls.

25

73.     Defendant had actual knowledge of Playa Bowls' ownership and prior use of the Playa Bowls' registered PLAYA BOWLS trademark and, therefore, willfully violated 15 U.S.C. § 1114.

74.     Defendant's infringement is willful, intentional, and in reckless disregard of Playa Bowls' rights.

75.     Defendant's actions have caused irreparable harm to Playa Bowls' goodwill that will continue unless and until Defendant is enjoined.

76.     Playa Bowls is entitled to recover from Defendant its profits, all damages that Plaintiff has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

77.     Because Defendant's conduct is willful, Playa Bowls is also entitled to recover from Defendant treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
## UNFAIR COMPETITION UNDER N.C.G.S. §§ 75-1.1, *et al.*

78.     Playa Bowls repeats and incorporates by reference the allegations in the preceding paragraphs as if set forth at length.

79.     Defendant's intentional trademark and trade dress infringement constitutes unfair competition in violation of the North Carolina Unfair or Deceptive Trade Practices Act, N.C.G.S. §§ 75-1.1, *et al.*

80.     Defendant has infringed Playa Bowls' trademarks and trade dress, as alleged herein, by intentionally using trademarks and trade dress that are confusingly similar to

26

Playa Bowls' trademarks and trade dress without authorization in connection with the creating of and advertising of restaurant locations and offering for sale and/or selling the same types of products, including fruit bowls, smoothies, and other similar goods. Defendant's deliberate mimicry creates a total commercial image calculated to confuse consumers as to source, affiliation, or sponsorship of its services and products.

81.     Defendant's intentional use of confusingly similar trademarks and trade dress as alleged herein is in and affects commerce.

82.     Defendant's actions have caused irreparable harm to Playa Bowls' goodwill that will continue unless and until Defendant is enjoined.

83.     Additionally, Defendant's actions are the direct and proximate cause of damages to Playa Bowls.

84.     As Playa Bowls' damages are a direct and proximate result of Defendant's unfair competition, Playa Bowls is entitled to recover such damages, including treble damages and attorneys' fees as set forth in Chapter 75 of the North Carolina General Statutes, in an amount that will be demonstrated at trial, which continue to accrue.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and all applicable law, Playa Bowls requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Playa Bowls respectfully requests the Court enter judgment in its favor and against Defendant on all claims, including, but not limited to:

1.    Final judgment that Defendant has violated 15 U.S.C. § 1125(a)(1)(A) by willfully infringing Playa Bowls' trademarks and trade dress, by its false designation of origin, and by unfairly competing with Playa Bowls;

2.    Final judgment that Defendant has willfully violated 15 U.S.C. § 1114 by willfully infringing Playa Bowls' rights in its federally registered PLAYA BOWLS trademark;

3.    Final judgment that Defendant has violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. §§ 75-1.1, *et al.*, by unfairly competing with Playa Bowls;

4.    An injunction permanently preventing Defendant from

(a)    continuing to use its Palm Berries name, logo, and any other confusingly similar variation of Playa Bowls' trademarks in connection with the advertising, promotion, and sale of restaurant services and food items, including fruit bowls and smoothies;

(b)    continuing to operate restaurants that copy or are confusingly similar to Playa Bowls' trade dress in connection with the advertising, promotion, and sale of restaurant services and food items, including fruit bowls and smoothies;

(c)    preventing Defendant from otherwise infringing any of Playa Bowls' trademarks or trade dress;

(d)    falsely designating the origin of Defendant's products;

(e)    unfairly competing with Playa Bowls; and

28

(f)     causing a likelihood of confusion or injury to Playa Bowls.

5.     Defendant be required to account to Playa Bowls for any and all profits Defendant has derived by virtue of Defendant's actions set forth above pursuant to 15 U.S.C. § 1117;

6.     Defendant pay Playa Bowls all damages Playa Bowls has sustained as a consequence of Defendant's actions together with pre- and post-judgment interest pursuant to 15 U.S.C. § 1117;

7.     This case be deemed exceptional and Playa Bowls be awarded treble damages and its reasonable attorneys' fees, as well as the costs of the action, pursuant to 15 U.S.C. § 1117;

8.     Defendant be directed to deliver and destroy all devices, literature and advertising goods and other materials bearing Playa Bowls' trademark and any confusingly similar marks, pursuant to 15 U.S.C. § 1118;

9.     Playa Bowls be awarded treble damages and attorneys' fees under the North Carolina Unfair or Deceptive Trade Practices Act; and

10.     Playa Bowls be awarded all other relief the Court deems appropriate and just.

This the 13th day of March 2026.

                                 **/s/ Allison Mullins**
                                 Allison Mullins
                                 N.C. State Bar No. 23430
                                 L. Cooper Harrell
                                 N.C. State Bar No. 27875
                                 TURNING POINT LITIGATION/
                                 MULLINS DUNCAN HARRELL &
                                    RUSSELL PLLC
                                 300 North Greene Street, Suite 2000
                                 Greensboro, NC 27401
                                 Telephone: 336-645-3320
                                 Facsimile: 336-645-3330
                                 amullins@turningpointlit.com
                                 charrell@turningpointlit.com

Of Counsel:

Amy E. LaValle
Texas State Bar No. 24040529
FBT GIBBONS LLP
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201
alavalle@fbtlaw.com
Telephone: (214) 580-5854
Facsimile: (214) 545-3473

30